NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN CAEZ, | |
| Plaintiff, | |
| v. | Civil No. 13-297 (ES) (JAD) |
| | MEMORANDUM OPINION |
| CITY OF JERSEY CITY et al., | |
| Defendants. | |

Pending before the Court is a motion for summary judgment filed by Defendants City of Jersey City and Jersey City Police Department (collectively, "Jersey City Defendants"), and Sergeant August Joy.[1]  (D.E. No. 29).  Plaintiff filed opposition, (D.E. No. 31, Plaintiff's Memorandum in Opposition ("Pl. Opp. Br.")), and the above-named Defendants filed a reply, (D.E. No. 32).  The Court decides Defendants' motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons that follow, the motion will be GRANTED.

For background, briefly, the Court notes that Plaintiff named one "Timothy O'Toole, Badge 2590" as a defendant in his complaint.  (D.E. No. 1-1, Complaint ("Compl.")).  Although the other named Defendants—that is, Sgt. Joy and the Jersey City Defendants—answered Plaintiff's complaint, Defendant "Timothy O'Toole" did not.  It appears that the reason for the failure to answer is that no such person works for the Jersey City Defendants.  (*See* D.E. No. 32-1, Exhibit F to Certification of Defense Counsel ("5/9/13 Letter")).

Pursuant to the April 29, 2013 scheduling order in this matter, "[a]ny motion to amend pleadings or add new parties, whether by amended or third-party complaint, must be filed by

---

[1] It appears Mr. Joy was improperly pled as "Sgt. Augie Joye."

7/26/13." (D.E. No. 6). But Plaintiff did not attempt to amend his complaint to substitute the correct defendant for "Timothy O'Toole," despite being informed by defense counsel on May 9, 2013 that "the City of Jersey City does not employee [sic] Timothy O'Toole." (5/9/13 Letter). On April 16, 2015, Plaintiff's counsel deposed a Timothy *O'Neill*. (Pl. Opp. Br.).

In his opposition to the instant motion for summary judgment, Plaintiff agrees that "based upon the discovery in this matter, the interrogatories and the deposition of Sgt. Joye, . . . the plaintiff does not have sufficient factual basis [sic] to continue the claims against Sgt. Joye in this matter." (*Id.* at 2). Accordingly, Plaintiff states, his "opposition is not towards the granting of summary judgment for Sgt. Joye." (*Id.*). Moreover, Plaintiff concedes that "there is not a sustainable factual basis for the allegations against . . . the City of Jersey City or Police Department in terms of Sgt. Joye's action." (*Id.*).

Therefore, the Court grants, *with prejudice*, Defendants' motion with respect to claims against Defendant Joy. The Court also grants, *with prejudice*, Defendants' motion with respect to claims against Defendants City of Jersey City and Jersey City Police Department, to the extent those claims are based on Defendant Joy's actions.

Plaintiff also contends in his opposition that, because "the use of Timothy O'Toole was simply an incorrect name for the appropriate defendant, Timothy O'Neil [sic]," his case should go forward against O'Neill, as well as against the Jersey City Defendants to the extent Plaintiff's claims against those defendants are based on O'Neill's actions. (*Id.* at 1-2).

But Timothy O'Neill has not answered, there is no proof that he has been served, and thus he is not a defendant in this case. The instant motion bears out that fact, as it only relates to the actions of Sgt. Joy. (*See generally* D.E. No. 29-1, Defendants' Brief in Support of Motion for Summary Judgment ("Def. Mov. Br.")). Therefore, if Plaintiff wishes to have claims proceed

against O'Neill, and the Jersey City Defendants for O'Neill's alleged actions, then Plaintiff must properly apply to the Court to add O'Neill to this case.

Finally, the Court notes that Defendants' motion for summary judgement asks the Court, in Point II, to grant summary judgment to the Jersey City Defendants on any *Monell* claims asserted by Plaintiff in his complaint. (*See* Def. Mov. Br. at 9-10). Because the motion seeks summary judgment on behalf of Sgt. Joy and the Jersey City Defendants, and in light of the potential for Plaintiff to seek amendment of his complaint to add O'Neill, any disposition of the *Monell* claims as they relate to the actions of O'Neill would be premature. To be sure, Plaintiff's opposition fails completely to raise any genuine issue of material fact with regard to evidence required to support a *Monell* claim, (*see generally* Pl. Opp. Br.), but, again, Defendants' motion addresses claims with regard to Defendant Joy's actions, and not with regard to any conduct of O'Neill. Thus, should Plaintiff choose to move to amend his complaint to add O'Neill, and should such amendment be successful, Plaintiff may be able to bring *Monell* claims against the Jersey City Defendants to the extent they relate to existing record evidence regarding O'Neill. Accordingly, all of Plaintiff's claims against the Jersey City Defendants that are not related to Defendant Joy are dismissed *without prejudice*.

An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**